IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FERNANDO PASSOS,<br><br>Defendant. | Criminal No. 4:21-CR-00028<br><br>GOVERNMENT'S MOTION TO AUTHORIZE ALTERNATE VICTIM NOTIFICATION PROCEDURES<br><br>**FILED UNDER SEAL** |

Pursuant to 18 U.S.C. § 3771(d)(2), the United States of America respectfully moves for authorization to use alternative victim notification procedures — namely, publication on a Department of Justice website — because there are a large number of potential crime victims in this case, making it impracticable to notify them on an individualized basis. In support of its motion, the Government states the following:

On November 16, 2021, the Defendant was charged in a Superseding Indictment with one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. § 240.10b-5, and three counts of wire fraud, in violation of 18 U.S.C. § 1343.  The charges stem from the Defendant's alleged role in a scheme to fraudulently prop up the stock price of IRB Brasil Resseguros SA a/k/a IRB Brasil RE ("IRB") by spreading false information regarding a purported investment in IRB by U.S. investment firm, Berkshire Hathaway (the "Scheme").  Specifically, in early February 2020, IRB, a publicly traded reinsurance company based in Brazil, was the subject of a short report questioning its accounting practices.  After the report's issuance, IRB's stock dropped.  In response, the Defendant, as alleged in the

1

Superseding Indictment, executed a scheme wherein he spread materially false information that Berkshire Hathaway had invested in IRB. On the evening of March 3, 2020, Berkshire Hathaway issued a press release stating it had never been an IRB shareholder and had no intention of being one in the future. On March 4, 2020, IRB's stock price dropped, causing losses to shareholders.

The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). In a case involving "multiple crime victims" where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in [18 U.S.C. § 3771](a), the Court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

The evidence developed to date indicates that the Defendant's alleged criminal activity may have affected thousands of shareholders—all potential victims—who traded IRB securities in the wake of the revelation of the Scheme, and in particular IRB shareholders who sold stock on March 4, 2020. Given the number of potential crime victims, this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because it is impracticable for the Government to, among other things, identify and provide individualized notice to each and every potential crime

victim pursuant to 18 U.S.C. § 3771(a). In addition, many of the affected shareholders appear to be residents of foreign countries.

As an alternative procedure to notify potential crime victims in this case, the Government proposes that it maintain a public Department of Justice website. The website would provide a summary of the case, information regarding the case's status, and other significant case-related documents. The website also would contain an e-mail address and telephone number for a Victim Assistance Line through which individual potential crime victims could contact the Department of Justice with questions regarding the case. A draft of the proposed website content is attached as Exhibit A to this motion; the content to be published will be substantially similar to the draft. *See* Attachment A.

Courts have authorized the use of a website by the Government to notify potential crime victims under the CVRA in other complex fraud cases that involved many potential victims. *See United States v. Elbaz,* 18-CR-157-TDC, Dkt. No. 89 (D. Md. Nov. 5, 2018) (granting motion to permit victim notification through the use of a website in a case involving an alleged conspiracy to defraud investors in binary options); *see also United States v. Babich*, No. CR 16-10343-ADB, 2017 WL 8180771, at *3 (D. Mass. Aug. 8, 2017) (finding alternative victim notification procedures appropriate, including the use of websites, in a fraud case where the government "had positively identified approximately 30 victims and potentially there were thousands of victims"); *United States v. Citicorp*, No. 3:15-cv-78 (SRU), 2015 WL 5595482, at *1 (D. Conn. Sept. 22, 2015) (permitting victim notification through a

Department of Justice website and through letters to lead counsel for plaintiffs in private civil litigations); *United States v. Madoff*, No. 08 Mag. 2735, slip op. at 1-3 (S.D.N.Y. Mar. 6, 2009) (permitting the government to satisfy the CVRA by posting notices about scheduled public proceedings on the U.S. Attorney's Office website and by having the court-appointed trustee include a link to the U.S. Attorney's Office website on the trustee's own website); *United States v. Saltsman*, No. 07-CR-641 (NGG), 2007 WL 4232985, at *2 (E.D.N.Y. Nov. 27, 2007) ("Given the large number of potential alleged crime victims, notification by publication [on the U.S. Attorney's Office website or a Department of Justice website] is a reasonable procedure that will both give effect to the [statute] and will not unduly complicate or prolong the proceedings.").

WHEREFORE, the Government respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the Government to use a website as a reasonable alternative procedure for notifying potential crime victims in this case.

Respectfully submitted,

LORINDA LARYEA
Acting Co-Principal Deputy Chief
Fraud Section
Criminal Division,
U.S. Department of Justice

By:   */s/ Kate T. McCarthy*
Kate T. McCarthy
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
Tel: (202) 714-7932
Email: Katherine.McCarthy@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on attorneys of record by:

____U.S. Mail  _____ Fax  _____Hand Delivery

__X__ECF/Electronic filing  _____Other means (US Mail to BOP address)


By: /s/ *Kate T. McCarthy*
    Trial Attorney